#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### GREENVILLE DIVISION

| | |
|---|---|
| Jesse Williams, ) | |
| ) | Civil Action No.: 6:19-cv-02413-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of ) | |
| Corrections and Derrick Anderson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jesse Williams filed this action against Defendants South Carolina Department of Corrections and Derrick Anderson pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth Amendment as well as state law claims for gross negligence. (ECF No. 1-2). This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 55), filed on April 14, 2021, recommending the court dismiss this action for lack of prosecution. (*Id.* at 3.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 55) and **DISMISSES** this action with prejudice.

### I.     RELEVANT BACKGROUND

Plaintiff filed this action on August 26, 2019, alleging that, while he was an inmate at Kirkland Correctional R&E Facility, Defendants were grossly negligent and violated his constitutional rights by allowing another inmate to enter his cell and beat him. (ECF No. 1-2.) Defendants removed the case on August 26, 2019, based on federal question jurisdiction. (ECF No. 1.) On February 26, 2021, Plaintiff's attorney filed a motion to be relieved as counsel, stating that, during discovery, he had determined that it was no longer appropriate for him to remain in the case. (ECF No. 39). Counsel for Defendants consented to the motion. Plaintiff's attorney

1

submitted documents under seal regarding steps he had taken to communicate with Plaintiff, including attempting to contact Plaintiff at his last known address and telephone number, making calls to Plaintiff's relatives, and attempting personal service by a private investigator. (ECF Nos. 48-1, 48-2). Plaintiff's attorney filed a certification that Plaintiff had been served with a copy of the motion and an explanation of his right to object to his attorney's withdrawal. (*See* ECF Nos. 39, 47). Plaintiff filed no objection within the seventeen (17) days provided by the rule. *See* Local Civ. Rule 83.I.07(B)(3) (D.S.C.). Accordingly, on March 17, 2021, the Magistrate Judge granted Plaintiff's attorney's motion to withdraw as counsel. (ECF No. 50).

In the order granting counsel's motion to withdraw, the Magistrate Judge directed the Clerk of Court to enter Plaintiff's name, address, and telephone number on the docket as a *pro se* party and to mail Plaintiff a copy of the order along with this district's *Pro Se* Guide, which the Clerk did. (ECF Nos. 50, 53). Given the clear failure of Plaintiff to communicate with his attorney to move this case forward, the Magistrate Judge ordered Plaintiff to file a notice indicating whether he wished to proceed with this case by March 31, 2021. (ECF No. 50 at 2). The Magistrate Judge further directed Plaintiff to indicate whether he needed time to find other counsel or if he wished to represent himself. Plaintiff was warned that if he failed to file this required notice, the Magistrate Judge would recommend that this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the dismissal would be considered an adjudication on the merits, i.e., with prejudice. After Plaintiff failed to respond, the Magistrate Judge issued a Report recommending the court dismiss the action with prejudice for failure to prosecute. (ECF No. 55.) The parties were advised of their right to file objections to the Report on April 14, 2021. (*Id.* at 5.) Neither of the parties filed objections to the Report.

## II.  ANALYSIS

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.  CONCLUSION

Here, neither party has objected to the Report. After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 55) and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 5, 2021
Columbia, South Carolina

3